IN THE SUPREME COURT OF THE STATE OF DELAWARE

KEVIN A. ROY,                        §
                                     §    No. 211, 2014
    Defendant Below,                 §
    Appellant,                       §    Court Below–Superior Court of
                                     §    the State of Delaware in and for
    v.                               §    New Castle County
                                     §
STATE OF DELAWARE,                   §
                                     §
    Plaintiff Below,                 §    Cr. ID No. 0503015173
    Appellee.                        §

Submitted:  May 15, 2014
Decided:    June 27, 2014

Before **STRINE,** Chief Justice, **BERGER** and **RIDGELY,** Justices.

**O R D E R**

This 27th day of June 2014, it appears to the Court that:

(1)    On April 28, 2014, the Court received Kevin A. Roy's notice of appeal from the Superior Court's order dated March 24, 2014 and docketed on March 26, 2014 denying Roy's motion for postconviction relief. Pursuant to Supreme Court Rule 6(a)(iii), the notice of appeal should have been filed on or before April 25, 2014.[1]

(2)    On April 29, 2014, the Clerk issued a notice pursuant to Supreme Court Rule 29(b), directing Roy to show cause why the appeal should not be

---

[1] *See* Del. Supr. Ct. R. 6(a)(iii) (providing that an appeal from a proceeding for postconviction relief must be filed within thirty days after entry upon the docket of the judgment or order).

dismissed as untimely filed. In his response to the notice filed on May 9, 2014, Roy asserts that the delay in filing the appeal was due to the law library, business office and mail system in the prison where he is incarcerated. In a "motion to amend notice of appeal" filed on May 15, 2014, Roy appears to request an extension of time to file an "amended" response to the notice to show cause on the basis that the ten-day response period left him without sufficient time to "seek case law or any precedent to support his reasons for missing the deadline."

(3) Under Delaware law, "[t]ime is a jurisdictional requirement."[2] A notice of appeal must be received by the Office of the Clerk within the time period to be effective.[3] An untimely appeal cannot be considered unless an appellant can demonstrate that the failure to timely file the notice of appeal is attributable to court-related personnel.[4]

(4) In this case, Roy has not demonstrated good cause for an extension of time to file an amended response to the notice to show cause. Roy does not contend, and the record does not reflect, that his failure to file a timely notice of appeal is attributable to court personnel.[5] Consequently, this case does not fall

---

[2] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).

[3] Del. Supr. Ct. R. 10(a).

[4] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).

[5] *See Zuppo v. State*, 2011 WL 761523 (Del. March 3, 2011) (holding that prison personnel are not court personnel).

2

within the exception to the general rule that mandates the timely filing of a notice of appeal.

NOW, THEREFORE, IT IS ORDERED that the "motion to amend notice of appeal" is DENIED. Under Supreme Court Rules 6 and 29(b), the appeal is DISMISSED.

BY THE COURT:

/s/ Henry duPont Ridgely
Justice